HOUSTON, Justice
(dissenting from the March 17, 2000, memorandum to all attorneys of record).
There may be times when it is appropriate for this Court to initiate mediation in cases as to which appeals have been filed in this Court, but it would be untimely for it to do so in this case, for the following reasons.
In this case, the notice of appeal was filed on April 28, 1998. This case was assigned to a Justice on this Court on August 19, 1998; that means that the record and all briefs had been filed in this Court by that date.
This Court has adopted a policy by which it strives to announce a decision in every case within 290 days from the date the notice of appeal was filed. If that had been done in this case, then a decision would have been announced no later than February 22, 1999, more than 13 months ago. An order initiating mediation, entered almost 700 days after the notice of appeal was filed and almost 600 days after the record and all briefs were filed in this *160 Court, would, in my opinion, come too late. This case should be decided by this Court at the earliest possible time.
I do not know what issues are involved in this case, because I have not had an opportunity to read any of the briefs that have been filed and have not had an opportunity to examine the record in this case.[1] So far as I know, no Justice, except the Justice to whom the case is assigned, knows what issues are involved in this case, has had an opportunity, to read any of the briefs that have been filed, or has had an opportunity to examine the record in this case. No proposed opinion has been circulated by the Justice to whom the case is assigned. My objection to this Court’s initiating mediation, at the request of the Justice to whom the case is assigned, is based on the untimeliness of this Court’s action. It is this Court’s duty to decide this case.
HOOPER, C.J., concurs.

. I voted in Old Republic Insurance Co. v. Lanier, 644 So.2d 1258 (Ala.1994), so 1 am generally aware of the nature of this case, but not of the issues that are presented to us in the present appeal.